IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARVEL ALEGRIA, | * | |
| Petitioner, | * | Civil Action No. RDB-16-2689 |
| v. | * | |
| UNITED STATES OF AMERICA, | * | Criminal No. RDB-14-023 |
| Respondent. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

On April 14, 2014, Marvel Alegria ("Petitioner") pleaded guilty to one count of Conspiracy to Interfere with Interstate Commerce by Robbery, 18 U.S.C. § 1951. (ECF No. 25.) On September 23, 2014, Petitioner was sentenced to 57 months' imprisonment, (ECF No. 63), which was below the guidelines recommendation of 63 months. Petitioner did not appeal her conviction.

Petitioner, then incarcerated at FCI Hazelton, in Bruceton Mills, West Virginia moved to vacate her sentence under 28 U.S.C. § 2255. (ECF No. 56.) Pending now is that Motion to Vacate (ECF No. 56).[1] Having reviewed the parties' submissions, this Court finds that no hearing at this time is necessary. *See, e.g., United States v. Lemaster*, 403 F.3d 216, 220–23 (4th Cir. 2005) (holding that a hearing must be held "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . ."); *United States v. White*,

---

[1] Petitioner also has filed a motion to adjust monthly installment of restitution payment, (ECF No. 53), a motion to defer restitution, (ECF No. 58), and a motion for response to the motion to vacate, (ECF No. 59). The two motions related to Petitioner's restitution will be considered separately as part of Petitioner's criminal case, while the Motion for Response to the Motion to Vacate is now moot due the Response in Opposition filed by the United States. (ECF No. 63).

1

366 F.3d 291, 302 (4th Cir. 2004); *see also* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Petitioner's Motion to Vacate (ECF No. 56) is DENIED.

## BACKGROUND

On January 16, 2014, Petitioner was indicted for one count of Conspiracy to Interfere with Commerce by Robbery, 18 U.S.C. § 1951(a), one count of Using, Carrying, or Brandishing A Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c), two counts of Interference with Commerce by Robbery, and two counts of Aiding and Abetting, 18 U.S.C. § 2. (ECF No. 1.) Petitioner pleaded guilty to one count of Conspiracy to Interfere with Commerce by Robbery, 18 U.S.C. § 1951(a). (ECF No. 25.) All other charges were dismissed by the United States. (*Id.*) This Court sentenced Petitioner to 57 months in prison followed by three years of supervised release. (ECF No. 63 at 1.) Petitioner was released from federal custody and had a reentry hearing before this court on March 15, 2018. (ECF No. 65). Petitioner is currently serving her three year period of supervised release. (ECF No. 63.)

On July 26, 2016, Petitioner moved to vacate her sentence pursuant to 28 U.S.C. § 2255. (ECF No. 56.) On July 29, 2016, this Court ordered the Government to respond to Petitioner's Motion to Vacate.[2] (ECF No. 57.) The Government responded in opposition to the Motion to Vacate on January, 30, 2018. (ECF No. 63.)

## STANDARD OF REVIEW

As the Petitioner proceeds *pro se*, this Court must construe her pleadings liberally. *See*

---

[2] The Government did not receive notice of the order until January 3, 2018 as the Assistant United States Attorney of Record was no longer employed by the United States Attorney's Office for the District of Maryland. (ECF No. 63 at 1 n. 1.) On January 4, 2018, this Court granted the Government a 60-day extension via email. (*Id.*)

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed. App'x 141 (Mem) (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers").

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, ___ U.S. ___, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant . . . show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

3

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014). A conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *United States v. Sosa*, 364 F. 3d 507, 509 (4th Cir. 2004).

## DISCUSSION

The Petitioner asserts in her Motion that she is entitled to a reduced sentence due to the fact that Amendment 794 to the United State Sentencing Guidelines § 3B1.2 states that a defendant may be entitled to a reduced sentence if they had a minor role in the criminal activity that they are convicted of. To support this position, Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) which considers the retroactive applicability of Amendment 794.

### I. Mootness

Despite the fact that Petitioner filed her Motion to Vacate while incarcerated, Petitioner has since been released from federal custody and had a reentry hearing before this court on March 15, 2018 raising a question of mootness. The United States Court of

4

Appeals for the Fourth Circuit has held that a defendant's release from prison does not render a Petitioner's § 2255 motion moot so long as they are serving supervised release. *United States v. Major*, 693 F. App'x 267-68 (4th Cir. 2017) (citing *United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015). As the Fourth Circuit explained, a district court may alter any aspect of a sentence — with the exception of those aspects which are mandated by statute — including the duration of a defendant's supervised release. *Id.*

The Fourth Circuit's opinion in *Major* follows principles set forth by the United States Supreme Court in *Spencer v. Kemna*, 523 U.S. 1 (1998), supporting the right of a defendant to challenge his conviction once his sentence has expired if there exists some collateral consequence of the conviction. In cases where the conviction itself is challenged, those collateral consequences are presumed due to the "civil disabilities" associated with a conviction. *See Sibron v. New York*, 392 U.S. 40, 55-56 (1968). However, when a less central aspect of a defendant's conviction is challenged, those collateral consequences are not presumed, and Plaintiff must show a concrete injury in fact attributable to the challenged aspect of their conviction. *See Spencer*, 523 U.S. at 13-14. For example, if a plaintiff could face an increased sentence as a recidivist due to an aspect of their sentence that is challenged after release, the potential for an increased sentence would be a collateral consequence even if the possibility of that occurring is remote or attenuated. *See United States v. Morgan*, 346 U.S. 502, 512-14 (1954); *see also Pollard v. United States*, 352 U.S. 354, 77 S. Ct. 481 (1957) (discussing the mere possibility of collateral consequences). Additionally, the Fourth Circuit has held that an aspect of a defendant's conviction that may affect their length of parole, qualifies as a concrete injury in fact under *Spencer*. *Townes v. Jarvis*, 577 F.3d 543, 547 (4th Cir.

2009). Specifically, the Fourth Circuit held in *Jarvis* that because the Defendant "could receive a shorter period of parole if he receive[d] a discretionary parole hearing, he ha[d] properly asserted an injury-in-fact." *Id.* While *Jarvis* dealt with a defendant's parole from a state sentence, the Federal Government has replaced most forms parole with supervised release. *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008).

Here, Petitioner's requested relief is that a reduction be made in her sentence. Petitioner does not challenge her underlying conviction, but she is still serving a period of supervised release. As resentencing could potentially lead to a shorter period of supervised release, the issue is not moot. Regardless, the Petitioner's motion fails on multiple other grounds.

## II. Statute of Limitations Under § 2255(f)

Petitioner's Motion was untimely when filed and also meritless. The Petitioner asserts in her Motion that Amendment 794 to the United State Sentencing Guidelines § 3B1.2, which outlines when a defendant's mitigating role in the offense may offer a decrease in the offense level, entitles her to a reduced sentence. The plaintiff bases this assertion on a comment in Amendment 794 which states "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." U.S. SENTENCING COMM'N, GUIDELINES MANUAL 2016 – SUPPLEMENT TO APPENDIX C 115 (2016). The Petitioner in her pleadings cites 28 U.S.C. § 2255(f)(4) asserting that the addition of Amendment 794 qualifies as a "new fact" for the purposes of the section. (ECF No. 56 at 13.) Under § 2255(f)(4), the statute of limitations to file a Motion to Vacate under § 2255 is reset on the

6

date on which new facts supporting the claim could have been discovered. These facts must change the underlying factual circumstances of a claim not, the law itself. *Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014). However, Petitioner's motion is not timely under § 2255(f)(4).

Despite Petitioner's attempt to justify the untimeliness of her motion under § 2255(f)(4) by citing the statutory section in her complaint, the section does not apply. The United States Court of Appeals for the Fourth Circuit has held that changes in law do not qualify as a fact that would excuse the untimeliness of a motion under § 2255(f)(4). *See Whiteside*, 775 F.3d at 183-84. In *Whiteside*, the Court held that a change in the legal significance of certain facts without a modification of those facts do not trigger § 2255(f)(4). While *Whiteside* dealt with a change in law due to a Fourth Circuit decision, a number of courts have cited *Whiteside* for the proposition that changes to the sentencing guidelines do not trigger § 2255(f)(4). *See, e.g., United States v. Barnes*, 2017 WL 4324701, at *3 (E.D. Va. 2017); *United States v. Dunford*, 2016 WL 6837221 at *1 (W.D. Va. 2016); *United States v. Getz*, 2016 WL 6837172 at *1 (W.D. Va. 2016).

Even if this Court liberally construes Petitioner's motion to implicate the other provisions of § 2255(f), none of those apply. Petitioner's judgement of conviction became final on October 7, 2014 when the fourteen day time period for filing an appeal expired. (ECF No. 37.) Therefore, the limitations period prescribed by § 2255(f)(1), expired one year later on October 7, 2015. Petitioner's Motion was not filed until July 26, 2016, more than nine months after the limitations period had expired. Therefore, the Motion is untimely under § 2255(f)(1).

7

Further, Petitioner does not allege any governmental action that impeded the timely filing of her motion, thus disqualifying any claim under § 2255(f)(2). Additionally, there are no recent Supreme Court decisions which have been made retroactively available on collateral review that justify the timeliness of Petitioner's claim under § 2255(f)(3). Thus, Petitioners motion is untimely under all four subsections of § 2255(f).

### III. Equitable Tolling

As Petitioner's § 2255 Motion was untimely filed, it must be dismissed unless this Court determines that equitable tolling applies. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003) (en banc). To be entitled to equitable tolling, the petitioner must show (1) that she has acted with "reasonable diligence" in pursuing her rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649; *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted").

Even construing Petitioner's pleadings liberally as required by *Erickson*, 551 U.S. at 94, Petitioner has presented no facts to demonstrate that she acted with "reasonable diligence" or that an extraordinary circumstance prevented her from timely filing her Motion. In fact, Petitioner alleges nothing in her Motion to justify the untimeliness of her Motion aside from citing 28 U.S.C. § 2255(f)(4), which has already been addressed. Accordingly, equitable tolling is not available in this case.

### IV. Retroactivity of Amendment 794

Even if Petitioner's motion was timely, it is meritless. Petitioner relies on *United States*

8

*v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) to support her claim that Amendment 794 is retroactively available on collateral review. However, this reliance is misplaced as *Quintero-Leyva* held that Amendment 794 is retroactively applicable on *direct* appeal, not collateral review. Furthermore, the Fourth Circuit has affirmed a lower court's judgement holding that Amendment 794 is not retroactive in any context. *United States v. Brewton*, 684 F. App'x 288, 288 (4th Cir. 2017). At the very least, because Amendment 794 was made retroactive by the United States Sentencing Commission (and not the Supreme Court), *See Germany v. United States*, 2016 WL 6780213 at *1 (D Md. 2016), it cannot apply retroactively on collateral review. Additionally, Amendment 794 is not among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review. *See United States v. Hunley*, 2016 WL 4523417, *1-2 (W. D. Va. 2016). Petitioner's Motion to Vacate is therefore meritless.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate (ECF No. 56) is DENIED. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability if it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or

9

wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Alegria's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: July 2, 2018

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge